IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH UTILITY )
EQUIPMENT COMPANY, INC., )
            Plaintiff, )
             ) Civil Action No. 08-642
vs. ) Judge Gary L. Lancaster/
             ) Magistrate Judge Amy Reynolds Hay
ALTEC INDUSTRIES, INC., )
           Defendant. )

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

Plaintiff, Commonwealth Utility Equipment Company, Inc. ("CUECO"), commenced this action against defendant, Altec Industries, Inc. ("Altec"), after Altec allegedly breached an agreement they had entered into causing CUECO financial harm. Presently before the court is Altec's motion to dismiss Counts II and III of the Complaint. For the reasons set forth below, it is respectfully recommended that the motion [Dkt. No. 4] be denied as to Count II and dismissed as moot with respect to Count III.

II.    REPORT

    A.    Background

According to the complaint, the parties entered into an "Immediate Transition Agreement" ("the Agreement") on or about September 14, 2004, which CUECO executed in Butler, Pennsylvania. Complaint ¶¶ 3, 4 [Dkt. 1, Exh. A]. Prior to executing the Agreement, CUECO was a distributor for Altec and had an exclusive sales territory which included Western Pennsylvania, the state of West Virginia, and three counties in Maryland. Id. at ¶ 5. CUECO alleges that Altec breached the Agreement "by failing to completely pay Plaintiff a commission

on the sales price for units installed and billed to customers by Altec ... and to advise Plaintiff of the actual final assembly gross profit margin," and "by failing to pay Plaintiff a commission for units sold and delivered into the former exclusive equipment sales territory of Plaintiff...." Id. at ¶¶ 6, 8.

CUECO further alleges that Altec's stockholders and its officers and directors are also the stockholders and officers and directors of a company known as Global Rental Co., Inc. ("Global"), and that Global is the alter-ego of Altec. Id. at ¶¶ 11-13. CUECO contends that Altec breached the Agreement by making and delivering equipment to Global which then either leased or sold the equipment to third persons within CUECO's exclusive equipment sales territory without paying CUECO a commission. Id. at ¶ 14.

CUECO filed the instant Complaint in the Court of Common Pleas of Butler County on or about April 17, 2008, bringing claims for breach of contract at Counts I and II, and a separate claim for punitive damages at Count III alleging that Altec's actions were intentional and done in order to financially harm CUECO. Id. at ¶¶ 17-20. Altec removed the case to this Court on May 12, 2008, based upon diversity,[1] and has now filed a motion to dismiss Counts II and III.

B. Standard of Review

The United States Supreme Court has recently held that a complaint is properly

---

[1] It appears undisputed that CUECO is a Pennsylvania corporation with an office address in Butler, Pennsylvania, and Altec is an Alabama corporation with its principle place of business in Birmingham, Alabama. See Notice of Removal ¶ 4; Complaint ¶¶ 1, 2. As well, Altec has represented, and CUECO does not dispute, that the amount in controversy exceeds $75,000.00. See Notice of Removal ¶ 11.

dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007) (rejecting the long-adhered to 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126. 143 (3d Cir. 2004), citing Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. The question is not whether the plaintiff will prevail in the end but, rather, is whether the plaintiff is entitled to offer evidence in support of his or her claims. See Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

  C. Discussion

  Altec initially argues that CUECO's breach of contract claim brought at Count II of the Complaint should be dismissed because it is based on the conduct of Global which is not a party to the Agreement nor a party to this action. Altec also argues that CUECO has failed to allege sufficient facts to support its assertion that Global is Altec's alter ego.

  CUECO counters, arguing that Altec has misinterpreted its claim and that it is not

3

based on Global's conduct at all but, rather, is a claim brought against Altec based on Altec's own conduct. Viewed in this light, and in a manner most favorable to it, CUECO contends that it has pled sufficient facts to state a claim for breach of contract against Altec and that Altec's motion in this regard is properly denied.

The parties agree that under Pennsylvania law, in order to state a claim for breach of contract a plaintiff must plead: 1) the existence of a contract; 2) a breach of duty imposed by the contract; and 3) resultant damages. Omicron Systems, Inc. v. Weiner, 860 A.2d 554, 564 (Pa. Super. 2004).

Here, in support of its claim brought at Count II of the Complaint, CUECO has alleged:

> Defendant breached Paragraphs 7, 8 and 15 of said Agreement and the doctrine of fair dealing by making and delivering equipment to Global Rental Co., Inc. which in turn then either leased or sold the same to third persons within the exclusive equipment sales territory of Plaintiff without paying a commission to Plaintiff.

Complaint ¶ 14. Moreover, paragraphs 7, 8, and 15 of the Agreement, which CUECO has attached to its Complaint, all contemplate commissions that Altec was to pay CUECO, including those for equipment CUECO was to rent from Global.

It therefore appears that CUECO has not only identified the existence of an agreement between it and Altec, but has set forth the duty imposed by the Agreement that Altec allegedly breached. Because there is no dispute that CUECO has properly alleged resultant damages, it appears that CUECO has properly stated a claim for breach of contract against Altec at Count II of the Complaint.

Altec also argues, and properly so, that CUECO's claim for punitive damages

4

brought at Count III of the Complaint should be dismissed because punitive damages are not available for a breach of contract under Pennsylvania law.  See Kinnel v. Mid-Atlantic Mausoleums, Inc., 850 F.2d 958, 968 (3d Cir.1988) ("[U]nder Pennsylvania law a breach of contract cannot result in punitive damages"); Johnson v. Hyundai Motor America, 698 A.2d 631, 639 (Pa. Super.), allocatur denied, 551 Pa. 704 (1997) ("The law of Pennsylvania clearly provides, however, that punitive damages are not recoverable in an action solely based upon breach of contract").  CUECO has responded by withdrawing the claim and, thus, Altec's motion in this regard appears to be moot.  See Fed. R. Civ. P. 41(a)(1)(A).

For these reasons, it is recommended that the motion [Dkt. No. 4] be denied as to Count II and dismissed as moot with respect to Count III.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/ s/ *Amy Reynolds Hay*
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 28 August, 2008

cc:     All counsel of record by NEF